[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff taxpayers Robert LaFoll and the corporation of which he is president, C L Realty Inc., appeal in these two cases from the tax assessment on five (5) parcels of real estate in the Town of Rocky Hill. The appeal is pursued under Conn. Gen. Stat. 12-118, from the revaluation of October 1, 1989.
The parcels are all on the Silas Deane Highway within a few hundred feet of one another. All are in a commercial zone and CT Page 9384 all are improved with buildings that provide rental space for offices or retail businesses. The property owned by C L Realty has a gas station on site and a small retail building.
The plaintiffs have presented evidence that they claim tends to show that their properties were overvalued by the assessor through the improper use of several methods. Among these were the use of gross square footage instead of net rentable space, use of market rents instead of contract rents, use of a lower vacancy factor than had historically been the case for the plaintiffs' rental space, and an improper, uniform land value assigned to all parcels.
Further, the plaintiffs claim that the assessor adjusted the land value downward of certain nearby parcels which the plaintiff claims are comparable, and that such favorable treatment was not afforded to the plaintiffs. However, the plaintiffs failed to present any credible evidence as to the comparability of these neighboring parcels or any evidence from which the court could conclude that the assessor had arbitrarily treated the plaintiffs' properties less favorably.
Notwithstanding the plaintiffs' claims, the issue for the court is not limited to a determination of whether the assessment was unreasonable or discriminatory or has resulted in substantial overvaluation. O'Brien v. Board of Tax Review, 169 Conn. 129,130-131 (1975). Rather the ultimate question is what is the true and actual value of the plaintiffs' property. Id.
On the plaintiffs' overvaluation claim, the plaintiffs failed to present a full appraisal report on three of the five properties, but rather offered testimony from Donald Brown, an appraiser, who performed a "preliminary report" using only the income approach to value on the three. Mr. Brown did perform a complete appraisal report for one property and for the fifth — the gas station parcel, appraised the land only, as though the parcel had no improvements. The defendant presented the testimony and full appraisal reports of Robert Flanagan, MAI,[1]
on all five parcels.[2] It is within the province of the court to arrive at its own conclusions after fully weighing the evidence. Newberry Commons Ltd. Partnership v. Stamford, 226 Conn. 92, 105
(1993). The court credits the testimony and accompanying exhibits of Mr. Flanagan, particularly the reliance on the comparable sales analysis applied to each of the parcels. The value on each parcel set by the assessor is well within the range of values CT Page 9385 supported by the evidence. Those values are as follows:
 #2315-2329 Silas Deane Highway $1,648,000.00 #2307 Silas Deane Highway 192,400.00 #2301 Silas Deane Highway 1,398,100.00 #2275 Silas Deane Highway 2,822,400.00 #2294-2306 Silas Deane Highway 408,400.00
The court finds the assessed value correct on each parcel for purposes of this appeal and accordingly the appeals of the plaintiff taxpayers Robert LaFoll and C L Realty, Inc. are dismissed.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT